IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

|  |  |
|---|---|
| CARLOS JAVIER TERROBA WOLFF,<br>a foreign citizen, | )<br>)<br>) |
| Petitioner, | )<br>)<br>) |
| v. | ) CASE NO. 0:12-mc-60368-KMW |
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Respondent. | )<br>) |

<u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PETITION TO QUASH</u>

Defendant United States of America hereby submits this memorandum in support of its motion to dismiss the Petition.

QUESTION PRESENTED

Whether this Court lacks jurisdiction to hear and determine this proceeding because the Petition to quash a summons was filed on February 29, 2012, nine days **after** the twenty-day period prescribed by I.R.C. § 7609(b)(2) for a petitioner to file suit after being provided notice of a summons.

STATEMENT OF FACTS

As the petitioner explains, "[o]n or about January 31, 2012, the IRS issued the Summons, requesting that BOA ( Bank of America) produce all documents relating to Mr. Terroba Wolff's BOA account for the years 2007 through 2010, including (a) account opening documents, (b) signature card(s), (c) monthly statements from January 1, 2007 through December 31, 2010, and (d) copies of cancelled checks, deposit slips, wire transfers or other deposit or withdrawal documents for all transactions that exceed $2,000.00. *(See Ex.* A)." Petition, pp. 6-7. The Internal Revenue Service Summons to which the petitioner refers and which was served on the

BOA is attached to the Petition.  DE #1-1.  That Summons was served on the BOA on January 31, 2012.  (Declaration of Michelle Sosa ("Declaration"), attached hereto, ¶ 6).  Additionally, the petitioner admits that "[t]he Summons was also mailed by the IRS, via registered mail, to Mr. Terroba Wolff at his residence in Mexico" and that it was "ostensibly mailed on January 31, 2012...."  Petition, p. 7.  The envelope which the petitioner attached to his Petition as Exhibit G does show the mailing date of "01/31/2012" as being the date when the summons notice was sent to the petitioner.  DE # 1-8.  And the Declaration of Michelle Sosa, also supports that it was mailed by registered mail on that day: "[o]n January 31, 2012, I caused a third copy of the summons with attachment to be served on Mr. Carlos Javier Terroba Wolff by delivering it to the mailroom in my office in a registered envelope addressed to address for Mr. Carlos Javier Terroba Wolff stated in paragraph 4.  It is the regular practice of the mailroom in my office to apply postage." (Declaration, ¶ 8.)  Exhibit 1 to Ms. Sosa' Declaration contains the UPS tracking information showing the mailing and the delivery of the notice of summons to the petitioner in Mexico.

     The petitioner assertedly did not receive the notice of the Summons until February 23, 2012.  Petition, p. 7.  As a result, the petitioner finds fault with the I.R.S. for  "the IRS's inexplicable failure to make any attempt to expedite notice of its Summons to Mr. Terroba Wolff (resulting in his receipt of the Summons in Mexico more than three (3) weeks after it was issued)..."  Petition, p. 2.

ARGUMENT

**BECAUSE THE PETITION IS UNTIMELY AND BECAUSE ITS TIMELINESS IS A CONDITION OF THE UNITED STATES' WAIVER OF SOVEREIGN IMMUNITY, THE COURT LACKS JURISDICTION TO CONSIDER THE PETITION**

The United States may be sued only where Congress has expressly provided its statutory consent. As a fundamental principle, parties cannot sue the United States unless Congress has expressly and unequivocally waived the government's sovereign immunity. e.g., United States v. Dalm, 494 U.S. 596, 608 (1990); United States v. Ramirez, 260 F.3d 1310, 1315 (11th Cir. 2001). Sovereign immunity is jurisdictional in nature, such that "the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Further, courts must strictly construe waivers of sovereign immunity. United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992). Webb v. United States, 66 F.3d 691, 693 (4th Cir. 1995). In particular, "time limitations enacted by Congress in statutes which waive governmental immunity are to be strictly construed in favor of the government." Goff v. United States, 659 F. 2d 560, 561 (5th Cir. 1981).

Any person who is entitled to notice of a summons pursuant to I.R.C. § 7609(a) has the right to begin a proceeding to quash the summons not later than the twentieth day after the day notice is given in the manner prescribed by I.R.C. § 7609(a)(2). I.R.C. § 7609(b)(2). Section 7609(a)(2) of the Internal Revenue Code provides that notice may be mailed by certified or registered mail to the last known address of the person entitled to the notice. Treasury Regulation § 301.7609-2(a)(3) explains that "[i]f service to a person entitled to notice is made by certified or registered mail, the date of service is the date on which notice is mailed."

There is no dispute that the summons that the petitioner seeks to quash in this case was served on Bank of America on January 31, 2012, and that notice was given to Mr. Terroba Wolff via United States Postal Service, First-Class Registered Mail, on that same day.  The Petition to quash was filed on February 29, 2012, nine days **after** the twenty-day period prescribed by I.R.C. § 7609(b)(2).   The United States District Courts have jurisdiction to hear and determine any proceeding brought under I.R.C. § 7609(b)(2).   Since the Petition was filed after the twenty-day period prescribed by I.R.C. § 7609(b), this Court does not have jurisdiction to hear and determine this proceeding.  See Clay v. United States, 199 F.3d 876 (6th Cir. 1999) (jurisdiction of the court expires after twenty days from the date notice is mailed by the IRS); Callahan v. Schultz, 783 F.2d 1543 (11th Cir. 1986) (United States, as a sovereign, is immune from suit without its consent and consent to suit on a summons requires strict compliance with I.R.C. § 7609(b)(2)(A) which provides that a proceeding to quash must be commenced within twenty days after notice is "given").

The petitioner alleges that he did not receive the petition until February 23, 2012; three days after the last day of the twenty-day period.  Even if this is true, the instant proceeding must be dismissed.  The wording of I.R.C. § 7609(b)(2)(A) is clear and unambiguous.  Stringer v. United States, 776 F.2d 274 (11th Cir. 1985).  The statute expressly provides that notice is sufficient if mailed by certified or registered mail to the last known address of the person entitled to notice, thereby negating any inference that the requisite notice is not "given" until its receipt by the addressee.

> Subsection (a)(2) of section 7609 specifies that notice is sufficient if it is personally served upon or is mailed by certified or registered mail to the last known address of the person entitled to notice. Stringer contends that he was not "given" notice as required by section 7609(b)(2)(A) until May 31, the date he

4

>received a copy of the summons, and that he thus filed his petition to quash within the time constraints of the statute. The government, on the other hand, argues that the term "given" means the date on which the notice was mailed; as a result the petition was not filed within the twenty day limitation.
>
>We agree with the IRS. Under the doctrine of sovereign immunity the government is not subject to suit absent its consent. Lehman v. Nakshian, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981). Because the jurisdiction of the court is dependent upon such waiver or consent, the terms must be strictly construed. United States v. Sherwood, 312 U.S. 584, 586, 590, 61 S.Ct. 767, 769, 771, 85 L.Ed. 1058 (1941); United States v. One (1) Douglas A-26B Aircraft, 662 F.2d 1372, 1375 (11th Cir.1981). Here the wording of the statute involved is clear and unambiguous: section 7609(b)(2)(A) mandates that the notice be given in the manner provided in subsection (a)(2); subsection (a)(2) expressly provides that notice is *sufficient* if *mailed* by certified or registered mail to the last known address of the person entitled to notice. This language negates any inference that the requisite notice is not "given" until its receipt by the addressee. Indeed, courts that have addressed this issue unanimously have rejected the argument advanced by Stringer. Franklin v. United States, 581 F.Supp. 38 (E.D.Mich.1984); Bilodeau v. United States, 577 F.Supp. 234 (D.N.H.1983); Riggs v. United States, 575 F.Supp. 738, 741 (N.D.Ill.1983). We agree. Accordingly we hold that the notice contemplated in section 7609 is "given" on the date it is mailed.
>
>Because Stringer's petition was not filed until June 19, 1984, more than twenty days after the May 29, 1984 mailing of the summons, it was not timely filed in compliance with the statute. Hence, the district court lacked jurisdiction and properly dismissed the petition.

Id. at 275-276.

The petitioner suggests that the IRS "inexplicably fail[ed] to make any attempt to expedite notice of its summons to [him] (resulting in his [alleged] receipt of the Summons in Mexico more than three (3) weeks after it was issued)..."5  Petition, p. 2.  The IRS had no obligation to expedite notice of its summons to Mr. Terroba Wolff beyond the requirements in the Code.  Thus, it did not fail in any sense to properly serve Mr. Terroba Wolff with notice of the summons. See Lidas v. United States, 238 F.3d 1076, 1083-1084 (9th Cir. 2001) (a French national who provided IRS

with an address in Lebanon, but lived in the Congo, I.R.C. § 7609(a)(2) only required mailing notice of the third party summons by certified or registered mail to the taxpayer's last known address in Lebanon; "actual receipt" of the IRS notice of the summons is not required by I.R.C. § 7609, by the Hague IRS Convention, or by due process requirements); Camaro Trading Co, Ltd. v. United States, 91-1 USTC 50,275 (N.D.Ga. 1991) (taxpayer's argument that he was out of the country for the first 15 days after the IRS mailed him notice of the third party summons was given no weight by the court); Williams v. United States, 1983 WL 1657 (S.D. Ind.)(a person is on notice upon the date that the notice was mailed either by certified mail or by registered mail; the twenty-day period in which petition must file the petition to quash starts to run from the date of mailing the notice and not upon his receipt of the notice).

## CONCLUSION

Based on the Eleventh Circuit's analysis in Stringer there is no doubt that the plain language in I.R.C. § 7609(b)(2)(A) unambiguously states that the requisite notice of the summons is "given" upon mailing and requires that a petition to quash must be file within 20 days of that date. The petition here is untimely, and the Court lacks jurisdiction. The case must be dismissed.

Dated: May 4, 2012

                    Respectfully submitted,

                    KATHRYN M. KENEALLY
                    Assistant Attorney General


                    /s/ Robert L. Welsh
                    ROBERT L. WELSH
                    S.D. Fla. Bar No. A5500117
                    Trial Attorney, Tax Division
                    U.S. Department of Justice
                    Post Office Box 14198
                    Ben Franklin Station
                    Washington, D.C.  20044
                    Telephone: (202) 514-6068
                    Facsimile: (202) 514-9868
                    Robert.L.Welsh@usdoj.gov


Of Counsel:

WIFREDO A. FERRER
United States Attorney

**CERTIFICATE OF SERVICE**

     IT IS HEREBY CERTIFIED that service of the foregoing DEFENDANT'S MOTION TO DISMISS PETITION TO QUASH and MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PETITION TO QUASH has this 4th day of May, 2012 was filed with the EM/ECF system.  The EM/ECF system will automatically serve a copies to those attorneys registered with it:

                                    s/ Robert L. Welsh  
                                    ROBERT L. WELSH  
                                    Trial Attorney, Tax Division  
                                    U.S. Department of Justice  
                                    P.O. Box 14198  
                                    Ben Franklin Station  
                                    Washington, D.C. 20044